UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| JERRY WAYNE ELLEDGE JR., | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. CIV-15-708-M |
| | ) | |
| JERRY CHRISMAN, Warden,[1] | ) | |
| | ) | |
| Respondent. | ) | |

## REPORT AND RECOMMENDATION

Petitioner Jerry Wayne Elledge Jr., appearing pro se, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 in the United States District Court for the Eastern District of Oklahoma (Doc. No. 1). That Court transferred the matter here (Doc. No. 3), and United States District Judge Vicki Miles-LaGrange referred it to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B), (C). Respondent has filed a Motion to Dismiss (Doc. No. 11), and Petitioner has replied (Doc. No. 12). After review, the undersigned recommends the Court dismiss the Petition as second or successive.

RELEVANT BACKGROUND

In June 2003, Petitioner was convicted upon guilty plea in the District Court of Stephens County, Oklahoma, of felony sexual abuse of a child. Pet. at 1; *Elledge v. Att'y*

---

[1] Because Petitioner is currently incarcerated at the Jackie Brannon Correctional Center ("JBCC") in McAlester, Oklahoma (*see* Doc. No. 14), JBCC's Warden, Jerry Chrisman, is substituted as sole Respondent in this action. *See* R. 2(a), R. Governing § 2254 Cases in U.S. Dist. Cts.

*Gen. of Okla.*, 475 F. App'x 285, 286 (10th Cir. 2012).  Petitioner previously challenged this conviction in a petition for writ of habeas corpus in this Court, in Case Number CIV-11-630-M.  *Elledge*, 475 F. App'x at 286; Resp't's Mot. to Dismiss Ex. 5 (Doc. No. 11-5).  That petition was denied as untimely, and the Tenth Circuit dismissed Petitioner's subsequent appeal.  *Elledge*, 475 F. App'x at 286-88; Resp't's Mot. to Dismiss Exs. 2, 3 (Doc. Nos. 11-2, 11-3); *see* 28 U.S.C. § 2244(d)(1).

Petitioner now seeks to again challenge the same state-court conviction, alleging: (1) he was not informed that he would have to register as "an aggravated sex offender" or of the consequences of the Oklahoma Sex Offender Registration Act ("OSORA") (Ground One); (2) he was sentenced without first seeing his presentence investigation report (Ground Two); and (3) his trial and appellate counsel were ineffective for not explaining the OSORA consequences (Ground Three).  Pet. at 5-12.

## ANALYSIS

Federal law provides that "[b]efore a second or successive application . . . is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."  28 U.S.C. § 2244(b)(3)(A).  When a petition is "second or successive," and the Tenth Circuit has not granted authorization, the district court lacks jurisdiction to address its merits.  *Case v. Hatch*, 731 F.3d 1015, 1027-28 (10th Cir. 2013); *accord In re Cline*, 531 F.3d 1249, 1251 (10th Cir. 2008).

The denial of Petitioner's previous § 2254 petition as time-barred was "a decision on the merits, and any later habeas petition challenging the same conviction is second or

2

successive" under 28 U.S.C. § 2244(b). *In re Rains*, 659 F.3d 1274, 1275 (10th Cir. 2011). Petitioner does not allege, and nor does the record reflect, that he has sought and been granted authorization to proceed with a second or successive petition for writ of habeas corpus. Accordingly, the undersigned finds the Court lacks jurisdiction over the Petition.

Under such circumstances, the Court may dismiss the Petition or order it transferred to the Tenth Circuit "if [the Court] determines it is in the interest of justice to do so under [28 U.S.C.] § 1631." *In re Cline*, 531 F.3d at 1252; *see also* Fed. R. Civ. P. 12(h)(3); *Berryhill v. Evans*, 466 F.3d 934, 938 (10th Cir. 2006). "Where there is no risk that a meritorious successive claim will be lost absent a § 1631 transfer, a district court does not abuse its discretion if it concludes it is not in the interest of justice to transfer the matter to [the circuit court] for authorization." *In re Cline*, 531 F.3d at 1252.

The Tenth Circuit previously determined that, pursuant to 28 U.S.C. § 2244(d)(1)(A), "the one-year period for [Petitioner] to file a timely § 2254 petition ended on July 7, 2004." *Elledge*, 475 F. App'x at 287. Petitioner believes that the Tenth Circuit's holding is now inapplicable because the Oklahoma Court of Criminal Appeals ("OCCA") ruled in June 2013 that changes to the OSORA may not be applied retroactively, and Petitioner was not aware of this decision until November 2014. Pet. at 12. According to Petitioner, these facts make Grounds One and Three of his § 2254 Petition timely. *See id.*; *see also* Pet'r's Reply at 1-6.[2] This argument is unavailing.

---

[2] Petitioner "concedes that Ground 2 as presented by Respondent" is untimely. Pet'r's Reply at 1.

3

In *Starkey v. Oklahoma Department of Corrections*, 305 P.3d 1004 (Okla. Crim. App. 2013), the OCCA held that the OSORA scheme is punitive in nature, and, therefore, the State may not apply new restrictions to a sex offender retroactively under that scheme. *See id.* at 1017-18. As a result, if Oklahoma were to apply restrictions to Petitioner retroactively, he may challenge the *execution* of his sentence in a petition for writ of habeas corpus under 28 U.S.C. § 2241. *See Yellowbear v. Wyo. Att'y Gen.*, 525 F.3d 921, 924 (10th Cir. 2008) ("Section § 2241 is a vehicle . . . for attacking the execution of a sentence. A § 2254 petition, on the other hand, is the proper avenue for attacking the validity of a conviction and sentence." (citations omitted)).

Here, however, Petitioner's Petition is brought pursuant to § 2254 and asserts substantive grounds proper to § 2254: that Petitioner's *conviction* is invalid because neither the trial court nor his counsel properly explained the OSORA requirements to him before he entered his guilty plea. Pet. at 5. As such, the Petition fails to plead facts that permit a finding of a later commencement date for § 2244(d)(1)'s one-year limitations period, or additional tolling of that limitations period, as required for the instant Petition to proceed. Accordingly, there is no risk that a meritorious successive claim will be lost absent transfer, and transfer is not "in the interest of justice." 28 U.S.C. § 1631; *see Warren v. Kansas*, 532 F. App'x 802, 802-03 (10th Cir. 2013) (denying petitioner's request for a certificate of appealability and alternative request for authorization to file a successive § 2254 habeas petition and agreeing with the district court's decision to dismiss, rather than transfer, the successive petition when the first petition was

"dismissed as time-barred"). The Petition should be dismissed rather than transferred to the Tenth Circuit.

RECOMMENDATION

The undersigned recommends that the Court grant Respondent's Motion to Dismiss (Doc. No. 11) and dismiss the Petition without prejudice.

NOTICE OF RIGHT TO OBJECT

The parties are advised of their right to file an objection to this Report and Recommendation with the Clerk of this Court by August 18, 2016, in accordance with 28 U.S.C. § 636 and Federal Rule of Civil Procedure 72. The parties are further advised that failure to timely object to this Report and Recommendation waives the right to appellate review of both factual and legal issues contained herein. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in the present case.

ENTERED this 28th day of July, 2016.

CHARLES B. GOODWIN
UNITED STATES MAGISTRATE JUDGE